IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBIN EARL GOODSON, #154407, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:18-CV-430-WKW |
| | ) |
| LEE COUNT CIRCUIT CLERK'S OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Robin Earl Goodson, currently a state inmate, filed this 42 U.S.C. § 1983 action challenging his confinement in the Lee County Detention Facility due to "a hold" placed on him by Judge Jacob A. Walker, the judge presiding over his state criminal proceedings. Doc. 1 at 3. Goodson names the Lee County Clerk's Office, the Lee County Detention Facility, Cory Welch, a captain for the Lee County Detention Facility, Mary B. Roberson, the Lee County Circuti Clerk, and Mrs. Cowhick, an assistant circuit clerk, as defendants.

Goodson did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. Doc. 2. In support of this request, Goodson provided financial information necessary to determine the average monthly balance in his inmate account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Goodson and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Goodson owed an initial partial filing fee of $4.67. Doc. 3 at 1–2. Based on the foregoing, the court ordered that Goodson pay the initial partial filing fee on or before May 14, 2018. Doc. 3 at 2. In addition, this order specifically informed Goodson "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of such funds to this court for payment of the initial partial filing fee**." Doc. 3 at 2 (emphasis in original). The order also "advised [Goodson] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." Doc. 3 at 3–4. Moreover, the court specifically cautioned Goodson that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that this case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." Doc. 3 at 3. The court subsequently granted Goodson extensions the last of which permitted him until July 9, 2018 to file the initial partial filing fee. Docs. 5, 8 & 10.

As of the present date, Goodson has failed to pay the initial partial filing fee within the time prescribed by the court. The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose

sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.[1]

On or before **August 10, 2018**, the plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general

---

[1] Even had Goodson paid the initial partial filing fee, this case would be subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). Specifically, regardless of the payment of any fee, this statute requires the court to dismiss a complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The claims presented by Goodson provide no basis for relief because: (1) The Lee County Clerk's Office and the Lee County Detention Facility are not legal entities subject to suit under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); and (2) With respect to Goodson's claim that actions of Mary B. Roberson, Mrs. Cowhick and Capt. Welch resulted in his continued confinement after the trial court set aside his guilty plea and reinstated his bond but immediately thereafter placed "a hold" on his release, Doc. 1 at 3, it is clear that the challenged period of confinement resulted from the directive issued by Judge Jacob Walker that Goodson remain in custody. When an official acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the official. *Williams v. Wood*, 612 F.2d 982,985 (5th Cir. 1980). Thus, these defendants are entitled to absolute immunity from the claims lodged against them.

objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 27th day of July, 2018.

        /s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE